BERGEN REALTY CO. v. DE MARCO.

(Supreme Court, Appellate Term. May 27, 1909.)

LANDLORD AND TENANT (§ 193*)—LEASES—CANCELLATION BY NEW LEASE.

Plaintiff by written lease let an apartment to defendant at the monthly rental of $91.66. Portions of the ceiling fell, and the parties orally agreed that defendant should move to another apartment at a higher rental.

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The ceiling in that apartment also fell, and defendant quit. Held, that a new contract was made for the other apartment at an advanced rent, and plaintiff could not recover for rent upon the original lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 193.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Bergen Realty Company against Celestino De Marco. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Fraser & Oshlag, for appellant.

Gratz Nathan, for respondent.

DAYTON, J. Action to recover four months' rent aue on a lease. Plaintiff had judgment. Defendant appeals.

There was a written lease for a second-floor apartment from October, 1907, to October, 1908, at $91.66 per month in advance, or $1,-100 per year. Portions of the ceiling fell, and the parties agreed orally that defendant should move to an apartment on the fourth floor at $100 per month. In this latter apartment portions of the ceiling also fell, and defendant quit. The trial court found in plaintiff's favor at the rate of $91.66 per month, as per the written lease, notwithstanding the agreed rental of $100 per month for the fourth-floor apartment. Defendant and his wife testified that the change from the second to the fourth floor was experimental, and from month to month only. Plaintiff's witness testified that, when the change was made, nothing was said about the contract of lease; that she (Mrs. De Marco) "wanted to change, and I let her change at $100 per year more up to the 1st of October, 1908." Clearly a new contract was made for another apartment at an advanced rent.

As to the term, the contention of the defendant is, in the circumstances, the more probable, particularly in view of the evidence showing that during the discussion between the parties, statements were made by one of plaintiff's representatives that during the construction of the building a strike had occurred, and that the plasterers had not put sufficient hair in the plaster used in the ceilings. There is practically no denial that portions of the ceiling fell in the fourth apartment after defendant moved in, nor does the landlord seriously contend that defendant was under an obligation to keep the ceiling in repair. Even if the written lease applied to the fourth-floor apartment, it contains no covenant which compelled the defendant to restore a fallen ceiling. This construction is that of plaintiff, as per letter of L. McAlpin, dated March 18, 1908, agreeing to repair the ceiling, and offering to remit the rent for one-half of a month during such repairs, and further offering to move out the furniture at its expense, and accommodating defendant on another floor meanwhile.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes